IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TERRANCE JARRETT
ADC #129957                                                                          PLAINTIFF

V.                              CASE NO. 1:15-CV-59 BD

MARTY HEARYMAN, et al.                                                      DEFENDANTS

## ORDER

### I.   Introduction:

Terrance Jarrett, an Arkansas Department of Correction (ADC) inmate, filed this

lawsuit pro se alleging that the Defendants acted with deliberate indifference to his

medical needs.  (Docket entry #2)

Now pending is the Defendants' motion for partial summary judgment.  (#22)  In

their motion, Defendants argue that Mr. Jarrett failed to exhaust his administrative

remedies against Defendants Sharyn Rohder, Elizabeth Haydon, and Shana Brink.  In

addition, they contend that Mr. Jarrett's claims against Defendant Marty Hearyman

should be limited to the claims raised in Mr. Jarrett's only fully exhausted grievance, NC-

15-00208.  Mr. Jarrett has not responded to the Defendants' motion, and the time for

response has passed.

### II.   Discussion:

A.      Standard

Summary judgment is granted to a party when the evidence, viewed in the light

most favorable to the nonmoving party, shows that there is no real dispute about facts

important in the outcome of the case.  FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

246, 106 S.Ct. 2505 (1986).  In this case, the evidence offered by the Defendants shows

that Mr. Jarrett did not use the prison's administrative procedures to resolve his issues,

and Mr. Jarrett has not come forward with evidence to show that he did.

      B.    Exhaustion

      The Prison Litigation Reform Act requires the Court to dismiss any claim that was

not fully exhausted prior to the filing a civil lawsuit under 42 U.S.C. § 1983.  See 42

U.S.C. § 1997e(a) ("No action shall be brought with respect to prison

conditions . . . by a prisoner confined in any jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*,

548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using

all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340

F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available

administrative remedies before filing suit, and "[i]f exhaustion was not completed at

the time of filing, dismissal is mandatory").  Furthermore, an inmate's subjective beliefs

regarding exhaustion are irrelevant in determining whether administrative procedures are

available.  See *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

      Defendants attach the declaration of Shelly Byers, the ADC Medical Grievance

Coordinator, to their motion.  (#24-1)  Ms. Byers testifies that Mr. Jarrett fully exhausted

only one grievance from 2005 through May 6, 2015, the date that he filed his complaint, NC-15-00208.  (*Id*. at p.2)  In that grievance Mr. Jarrett complains that Defendant Hearyman refused to provide him orthopedic shoes in February of 2015.  (*Id*. at p.23)

Mr. Jarrett has not come forward with any evidence to show that he fully exhausted his claims against Defendants Rohder, Haydon, or Brink.  In addition, he has not presented any evidence showing that he fully exhausted any claim against Defendant Hearyman, other than his claim that Defendant Hearyman failed to provide him orthopedic shoes in February of 2015.   As a result, his claims against Defendants Rohder, Haydon, and Brink must be dismissed, without prejudice.  In addition, Mr. Jarrett may proceed only on the claim he raised against Defendant Hearyman in his one fully exhausted grievance.

### III.   Conclusion:

The Defendants' motion for partial summary judgment (#22) is GRANTED.  Mr. Jarrett's claims against Defendants Rohder, Haydon, and Brink are DISMISSED, without prejudice, based on the failure to exhaust administrative remedies.  Mr. Jarrett's claims against Defendant Hearyman are limited to Defendant Hearyman's failure to provide orthopedic shoes in February of 2015.

The Clerk of the Court is directed to terminate Defendants Rohder, Haydon, and Brink as Defendants.

IT IS SO ORDERED, this 7th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE